UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HECTOR ALFONSO | Criminal No. 3:17CR128 (JBA)<br><br>April 30, 2019 |

**RULING ON INAPPLICABILITY OF CAREER OFFENDER SENTENCE ENHANCEMENT**

On November 20, 2018, Defendant Hector Alfonso was convicted by guilty plea of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C), and brandishing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On March 22, 2019, he was sentenced by the Court on those two counts respectively to 57 months and 84 months of imprisonment, to run consecutively. During the sentencing hearing, the parties disputed whether the "career offender" sentence enhancement of USSG § 4B1.1(a) applied to Mr. Alfonso. The Court concluded that the enhancement did not apply to Mr. Alfonso and indicated that a written ruling setting forth a detailed analysis of the reasoning underlying that decision would follow.

Under USSG § 4B1.1(a), a "career offender" must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." "The government bears the burden of showing that a prior conviction counts as a predicate offense for the purpose of a sentencing enhancement." *United States v. Savage*, 542 F.3d 949, 964 (2d Cir. 2008).

The Government here argues that Defendant is a career offender based on three prior felony convictions: his 2014 conviction for possession with intent to distribute, and distribution of, cocaine base in violation of 21 U.S.C. 841(a) and (b)(1)(C), and his 2007 convictions of

attempted robbery in the first degree and conspiracy to commit robbery in the first degree in violation of Conn. Gen. Stats. 53a-48, 53a-49, 53a-133, and 53a-134. (Govt. Sentencing Mem. [Doc. # 145] at 9-16.)[1] Defendant disputes that his convictions for attempt and conspiracy to commit robbery constitute crimes of violence for purposes of the career offender guideline. (Def.'s Sentencing Mem. [Doc. # 137] at 5-15.) Because Mr. Alfonso's 2014 conviction is undoubtedly a "felony conviction of . . . a controlled substance offense," the career offender sentence enhancement applies if either or both of his 2007 convictions were for a "crime of violence." USSG § 4B1.1(a).

USSG § 4B1.2(a)(2) enumerates "robbery" among the offenses which constitute a "crime of violence" for purposes of the career offender guideline. Defendant argues that even if robbery itself is a "crime of violence," attempt to and conspiracy to commit robbery are not.

The guidelines define "crime of violence" for purposes of the career offender enhancement in two alternative ways. First, certain crimes, including robbery, are categorically crimes of violence. USSG § 4B1.2(a)(2) ("the Enumeration Clause") ("murder, voluntary manslaughter,

---

[1] The Connecticut statute defining conspiracy under which Mr. Alfonso was convicted provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy." Conn. Gen. Stat. § 53a-48(a). The Connecticut statute defining attempt under which Mr. Alfonso was convicted provides: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." Conn. Gen. Stat. § 53a-49(a).

2

kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)"). Second, in addition to those enumerated crimes, any crime which "has as an element the use, attempted use, or threatened use of physical force against the person of another" is also a crime of violence. *Id.* § 4B1.2(a)(1) ("the Elements Clause").

Application Note 1 to § 4B1.2 states that "the offenses of . . . conspiring and attempting to commit" the crimes enumerated in 4B1.2(a)(2), including robbery, are also crimes of violence for purposes of the career offender enhancement. Such "[c]ommentary provisions [of the Sentencing Guidelines] must be given 'controlling weight' unless they: (1) conflict with a federal statute, (2) violate the constitution, or (3) are plainly erroneous or inconsistent with the Guidelines provisions they purport to interpret." *United States v. Jones*, 878 F.3d 10, 18 (2d Cir. 2017); *see Stinson v. U.S.*, 508 U.S. 36, 42 (1993) (holding that commentary provisions "which function[] to interpret [a] guideline or explain how it is to be applied" are controlling but those which are plainly erroneous or inconsistent are not). If, however, "commentary and the guideline it interprets are inconsistent in that following one will result in violating the dictates of the other," the Guideline itself must govern. *Stinson*, 508 U.S. at 43.

Mr. Alfonso argues that Application Note 1, which categorically defines attempt to and conspiracy to commit robbery as crimes of violence, is plainly inconsistent with the Guideline it purports to interpret, § 4B1.2(a). The government contends that Application Note 1 is controlling. If Application Note 1's provision that conspiracy and attempt to commit the enumerated crimes

3

does control, then Mr. Alfonso's 2007 convictions are clearly crimes of violence for purposes of the career offender enhancement, and that enhancement would apply here. The key question, therefore, is whether that portion of Application Note 1 controls or is "plainly erroneous or inconsistent with the Guidelines provision[] [it] purport[s] to interpret." *Jones*, 828 F.3d at 18.

For the following reasons, the Court concludes that Application Note 1's provision that conspiracy to and attempt to commit robbery are categorically "crimes of violence" for purposes of the career offender enhancement is plainly inconsistent with the Guideline and thus is not controlling. *See Jones*, 878 F.3d at 18. USSG § 4B1.2 explicitly defines "the term 'crime of violence,'" but the state law crimes of attempt and conspiracy do not fit within that definition: they are not among the enumerated crimes of § 4B1.2(a)(2) and do not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another" under § 4B1.2(a)(1).

First, Application Note 1's expansion of the Enumeration Clause to include crimes which the Guideline itself does not list is plainly inconsistent with that Enumeration Clause. Enumeration of additional crimes which, though related, are separate and distinct from the crimes enumerated in § 4B1.2(a)(2) is not the type of "interpretive and explanatory" commentary which is binding on federal courts. *See Stinson*, 508 U.S. at 42. Rather, it is inconsistent with the Guideline's Enumeration Clause because it purports to alter and expand, not to explain, the text of that clause. The "offenses of aiding and abetting, conspiring, and attempting to commit" the offenses enumerated in § 4B1.2(a)(2), which Application Note 1 purports to "include" as crimes of violence,

4

are statutorily separate offenses which differ substantively from the underlying offenses that the Guideline itself enumerates.

Second, Application Note 1's purported categorical inclusion of attempt and conspiracy as crimes of violence is plainly inconsistent with the Elements Clause because the state-law crimes of attempt and conspiracy do not have any element which requires the use of force. Pursuant to the Connecticut statute under which Mr. Alfonso was convicted, conspiracy requires only an agreement and an "overt act in pursuance of" the conspiracy, Conn. Gen. Stat. § 53a-48(a), neither of which need include the use, attempted use, or threatened use of physical force. Indeed, an "overt act" may be "any step, action, or conduct that is taken to achieve or further the objective of the conspiracy." *See State v. Smith*, 797 A.2d 1190, 1194 n.4 (Conn. App. Ct. 2002) (quoting and approving the trial court's "thorough instruction" to the jury regarding the elements of conspiracy); *State v. Pond*, 108 A.2d 1083, 1097 (Conn. 2015) ("Although it is true that § 53a–48(a) requires that one of the coconspirators have performed an overt act in furtherance of the conspiracy, such overt act may be de minimus, it may itself be a legal and innocuous activity . . . ."). Therefore, regardless of robbery's status as a crime of violence, conspiracy to commit robbery in violation of Conn. Gen. Stat. § 53a-48(a) is not a crime of violence under the Elements Clause because it does not have as an element the use, attempted use, or threatened use of physical force. *See Johnson v. United States*, No. 3:16cv00215(MPS), 2016 WL 7362764, at *7 (D. Conn. Dec. 19, 2016) ("The crime defined by [Conn. Gen. Stat. § 53a-48(a)] does not 'ha[ve] as an element the

use, attempted use, or threatened use of physical force against the person of another,' 18 U.S.C. § 924(e)(2)(B)(i), regardless of the offense that is the object of the conspiracy.")

Like conspiracy, the Connecticut statute under which Mr. Alfonso was convicted of attempt does not have any element which requires the use of force. Pursuant to that statute, "an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime" is sufficient for conviction. Conn. Gen. Stat. § 53a-49(a). That "substantial step" need not include the use, attempted use, or threatened use of physical force. Indeed, a "substantial step" can include activities like "lying in wait, . . . reconnoitering the place contemplated for the commission of the crime[,] . . . [or] possession of materials to be employed in the commission of the crime," among many others. *Id.* § 53a-49(b). The statute itself makes clear that the elements of attempt to commit robbery could clearly be met without any use, attempted use, or threatened use of violence whatsoever. Therefore, as with conspiracy, the Elements Clause cannot support the categorical inclusion of attempt as a crime of violence by Application Note 1.

The Government makes several additional arguments in support of its position that the Note controls here, but none are convincing. First, the Government argues that the Second Circuit's recent holding in *U.S. v. Barrett*, 903 F.3d 166 (2d Cir. 2018), that conspiracy to commit Hobbs Act robbery is categorically a crime of violence for purposes of 18 U.S.C. § 924(c) should lead this Court to reach a similar conclusion about conspiracy to commit robbery in violation of Connecticut statute for purposes of the career offender enhancement. However, the reasoning of the *Barrett* court makes clear that the Second Circuit's conclusion in that case does not apply here.

Under 18 U.S.C. § 924(c), a "crime of violence" includes those crimes which have "as an element the use, attempted use, or threatened use of physical force," mirroring the language of the Elements Clause of USSG § 4B1.2(a)(1). However, § 924(c) also provides that crimes of violence include those which "by [their] nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The career offender guideline includes no similar "substantial risk" definition of a crime of violence. The *Barrett* court made clear that the decision to categorically include conspiracy to commit Hobbs Act robbery among crimes of violence for purposes of § 924(c) is predicated upon the "substantial risk" definition, *not* upon the elements-based definition which § 924(c) shares with § 4B1.2(a)(1). *Barrett*, 903 F.3d at 177 (holding that where the substantive offense is "categorically a crime of violence," as Hobbs Act robbery is, then "a conspiracy to commit that crime, by its very nature presents a substantial risk of physical force, so as also to be a violent crime under § 924(c)(3)(B)" (internal quotation omitted)). Because the inclusion by the *Barrett* court of conspiracy to commit Hobbs Act robbery among categorical crimes of violence was based on a definition of "crime of violence" which does not apply to the career offender enhancement, that decision does not dictate a similar result here.

The Government also argued at sentencing that the Court should give effect to Application Note 1 as it clearly indicates the intent of the drafters of the Guidelines themselves. However, that reasoning was rejected by the Supreme Court in *Stinson*, holding that it is not "helpful to treat commentary [to the Sentencing Guidelines] as a contemporaneous statement of intent by the

7

drafters or issuers of the guideline, having a status similar to that of, for example, legislative committee reports or the advisory committee notes to the various federal rules of procedure and evidence." 508 U.S. at 43.

Finally, the Government argued further that the analysis of Judge Shea in *Johnson v. United States* does not apply here because that case was decided under the Armed Career Criminal Act ("ACCA")'s definition of a crime of violence, not the Sentencing Guidelines' definition. It contends that because the ACCA imposes mandatory sentences while the Guidelines provide only an advisory range, the concerns and legal analysis underlying the *Johnson* decision do not apply here. However, the Government's argument misunderstands the relevance of *Johnson* to the analysis in this case. Regardless of whether the question arose under the ACCA or the Guidelines, the question to be decided by that court and by this Court—whether attempt and conspiracy in violation of Conn. Gen. Stats. §§ § 53a-48(a) and 49(a) "ha[ve] as an element the use, attempted use, or threated use of physical force against the person of another"—is the same because the relevant definition of crime of violence is the same.

Because Application Note 1's categorical inclusion of attempt to and conspiracy to commit robbery in § 4B1.2's definition of crimes of violence is plainly inconsistent with both the Enumeration Clause and the Elements Clause of that Guideline, that provision does not control here.

For the foregoing reasons, Mr. Alfonso is not subject to the "career offender" sentence enhancement of USSG § 4B1.1(a) based on his prior convictions.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of April 2019.